UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

-against-

RICHARD SINGER,

Defendant.
----------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 25 2012 ★
LONG ISLAND OFFICE

OPINION & ORDER
08-CR-587 (SJF)

FEUERSTEIN, J.

On May 4, 2009, defendant Richard Singer ("defendant") was convicted, upon his plea of guilty, of one (1) count of misprision of a felony in violation of 18 U.S.C. § 4 (Count One of the Information). On July 13, 2011, defendant was sentenced to a term of probation for five (5) years and criminal monetary penalties in the amount of a one hundred dollar ($100.00) assessment, to be paid immediately, and a ten thousand dollar ($10,000.00) fine, to be paid in full within ninety (90) days of sentencing. Judgment was entered upon defendant's conviction and sentence on July 29, 2011. On August 22, 2011, the government filed a satisfaction of judgment upon defendant's payment in full of the criminal monetary penalties, plus interest. Defendant now moves pursuant to 18 U.S.C. § 3564(c) for early termination of his probation on the basis, *inter alia*, that he has completed one (1) year of his term of probation and "[has] rendered outstanding assistance to the government * * *, has been a model probationer, and [is] deserving of early release." The government opposes the motion. For the reasons set forth herein, defendant's motion is denied.

1

I. Discussion

Section 3564(c) of Title 18 of the United States Code provides, in relevant part:

> "The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant * * * at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

The factors set forth in Section 3553(a) of Title 18 of the United States Code include, *inter alia*, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[I]n sum, [Section 3564(c)] requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to [modify] the term * * * of [probation]." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997)[1].

Section 3564(c) "provides the district court with retained authority to revoke, discharge, or modify terms and conditions of [probation] following its initial imposition of a [probation] term in order to account for new or unforeseen circumstances." Lussier, 104 F.3d at 36. "Occasionally,

---

[1] Although the defendant in Lussier sought modification of a term of supervised release pursuant to 18 U.S.C. § 3583(e)(2), that statute similarly provides that after considering the factors set forth in section 3553(a), the court may "(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." See United States v. Wachsman, No. 04-CR-902, 2008 WL 5042842, at * 1 (E.D.N.Y. Nov. 25, 2008) ("[T]he statutory language of [Sections 3564(c) and 3583(e)] is essentially the same.") Accordingly, analysis under the two (2) statutes, i.e., Section 3564(c) and 3583(e)(2)(1), is the same.

2

changed circumstances- for instance, exceptionally good behavior by the defendant * * * - will render a previously imposed term * * * of [probation] either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Id.; see also Karacsonyi v. United States, 152 F.3d 918, 1998 WL 401273, at * 1 (2d Cir. June 10, 1998) (unpublished opinion) ("[E]arly termination of [probation] is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior."); United States v. King, No. 07 Cr. 1143 (DC), 2012 WL 1382436, at * 1 (S.D.N.Y. Apr. 20, 2012) ("Early termination of probation is granted 'occasionally,' and in light of 'changed circumstances,' including 'exceptionally good behavior.'" (quoting Lussier, 104 F.3d at 36)); United States v. Bailin, No. 05 Cr. 48-01(SWK), 2008 WL 4279521, at * 1 (S.D.N.Y. Sept. 18, 2008) (accord). However, a defendant's compliance with the conditions of his probation, without more, is insufficient to warrant early termination under Section 3564(c). See King, 2012 WL 1382436, at * 2; United States v. Trans, No. 06 Cr. 862(JGK), 2009 WL 3460723, at * 1 (S.D.N.Y. Oct. 23, 2009); United States v. Maguire, No. 04 Cr. 269, 2008 WL 5429838, at * 1 (S.D.N.Y. Dec. 22, 2008); see also Bailin, 2008 WL 4279521, at * 1 ("Full compliance with the terms of probation, though laudable, does not constitute the type of exceptional behavior entitling a defendant to early termination.") Indeed, compliance with the conditions of probation is to be expected. See Trans, 2009 WL 3460723, at * 1; see also Karacsonyi, 1998 WL 401273, at * 1 ("Full compliance [with the terms of probation] * * * is merely what is expected of all people serving terms of [probation].")

In sentencing defendant to a term of probation of five (5) years, which was below the advisory range of the United States Sentencing Guidelines of a term of incarceration of one hundred fifty-one (151) to one hundred eighty-eight (188) months, I considered all of the relevant

3

factors in Section 3553(a), as well as defendant's early acceptance of responsibility and extensive cooperation with the government in the prosecution of his co-conspirators. Since defendant's cooperation with the government was fully considered upon sentencing him to a period of probation of five (5) years, he has not demonstrated any changed circumstances warranting early termination of his probation. Nor has defendant "identified any problems associated with completion of his full term of probation." Bailin, 2008 WL 4279521, at * 1. Having again reviewed the relevant factors set forth in Section 3553(a), including, *inter alia*, the seriousness and extent of the offense for which defendant was charged, i.e., a stock manipulation scheme involving multiple companies, thousands of victims and a loss of millions of dollars, and the fact that under the circumstances of this case, the sentence to a term of probation of five (5) years reflects the seriousness of that offense, promotes respect for the law, provides just punishment and offers adequate deterrence to future criminal conduct, see id. at *2, I am not satisfied that the interest of justice will be served by terminating defendant's probation early. Since defendant has presented no evidence of any exceptional circumstances justifying early termination of his probation, his motion pursuant to 18 U.S.C. § 3564(c) is denied.

II. Conclusion

For the reasons set forth above, defendant's motion for early termination of his probation pursuant to 18 U.S.C. § 3564(c) is denied.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 25, 2012
Central Islip, New York

4